*456 OPINION of the Court, by
Judge Boyle
— Wea*-therford hdd purchased a horse of Rogers, at the price one hundred dollars ; seventy-five of which he paid, anfl the remaining twenty-five dollars he was to have discharged by the payment of fifty gallons of whiskey, but not having the whiskey, it was agreed that instead thereof he should procure a bond upon E. Montgomery for twenty-five pounds in property, which Rogers was t0 take at his own risk, without recourse to Wea-tnerford.
Before the bond on Montgomery was procured and assigned to Rogers, Weatherford discovered that the horse was unsound, and that a fraud had been practised upon him in the sale ; in consequence of which he re *457 fused to deliver the bond to Rogers, who thereupon brought suit at law, and recovered a judgment for twenty-five pounds, besides costs. To enjoin proceeding upon this judgment, Weatherford filed his bill in chan-r í* ° i V , i • r , ,, „ eery ; and upon the -final hearing or the cause, the court decreed that the injunction should be dissolved as to twenty-five dollars, and made perpetual as to the residue of the judgment at law: and they also decreed that Weatherford should recover of Rogers his costs of the suit in chancery. T« reverse this decree Rogers has prosecuted this writ or error.
fraud practiced byR. on ^as an w. ihouid not ^¿e0rn M the r. having fa-tisfied thejudg. ?lent: ¾311}6 tied toa; dol-¡arsonhisjudg-more,
Injunction by ⅛ that fum, and. images and perpetuated astoAereftdue
It was admitted by the parties that W eatherford had recovered of Rogers eighteen pounds in a suit at law for the fraud practised on him in the sale of the horse, and that Rogers had fully satisfied and contented Weather-ford thfc said sum of eighteen pounds. It also appears 2n proof that Weatherford, after recovering the judgment for the eighteen pounds, offered to discount twenty-five dollars, as the balance due for said horse, or to deliver to Rogers the bond upon Montgomery ; but Rogers refused to accept of either proposition.
The fraud practised uoon Weatherford in the sale of the horse, gave him, in joro consmentice, a reasonable and equitable excuse for not delivering the bond upon Montgomerv until he was compensated by Rogers for the fraud. Of this, however he could not-avail himself, as a defence in the suit at law brought by Rogers against him for failing to comply with his agreement to deliver the bond. He seems, therefore, properly t have sought relief in cháncery. After having obtained a judgment at law for the damages he had sustained i s. the conimission of the fraud, a discount of the twenty-five dollars, ®r a delivery of the bond on Montgomery, was all that, in good faith and conscience, Rogers ought to have demanded of Weatherford ; and this Weatherford offered to do. The decree of the court below seems, therefore, to fce correct, so far as it dissolves the injunction for twenty-five dollars, and perpetuates it as to the resfidue of the twenty-five pounds. But it is incorrect in not dissolving the injunction as to the costs of the suit at common law, and in not decreeing ten per cent, damages on the amount of the judgment at law for which the , injunction was dissolved.--Decree reversed.